■ In the Matter of MICHAEL GIAMMARINO, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Determination of respondent Police Commissioner of the City of New York, dated August 30, 1988, which, following a hearing, dismissed petitioner from his position as a police officer for ingesting cocaine as indicated by the positive result of a urinalysis, is unanimously confirmed, the petition denied and the proceeding, transferred to this court by order of Supreme Court, New York County, David H. Edwards, Jr., J., entered on or about March 30, 1989, pursuant to CPLR 7804 (g), dismissed without costs or disbursements.

There was substantial evidence to support the Commissioner's determination that a reasonable suspicion existed to require petitioner to submit to urinalysis. Statements made by a fellow officer that he had used cocaine with petitioner created the necessary "founded suspicion". (People v De Bour, 40 NY2d 210, 215 [1976].) Moreover, the statement was reliable as it constituted a declaration against the fellow officer's penal interest and was based upon personal knowledge. (Supra.) Accordingly, respondent's determination was based upon substantial evidence. (300 Gramatan Ave. Assocs. v State Div.

*of Human Rights,* 45 NY2d 176 [1978].) Concur—Ross, J. P., Asch, Kassal, Wallach and Smith, JJ.